Filed 4/11/22  P. v. Brown CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JOHN H. BROWN,<br><br>        Defendant and Appellant. | A159376<br><br>(City & County of San Francisco Super. Ct. No. SCN115309) |

Defendant John H. Brown appeals an order denying his petition for resentencing under Penal Code[1] section 1170.95. He contends the trial court erred in summarily denying his petition without appointing counsel. We find no error and shall affirm the order.

### Background

In 1985, a jury convicted defendant of second degree murder (§ 187) and found he personally used a deadly weapon in the commission of the murder (§ 12022, subd. (b)). Defendant's conviction was affirmed on appeal in 1986. (*People v. Brown* (Sept. 19, 1986, A031668) [nonpub. opn.].)

Following the January 2019 change in the law on felony murder and the natural and probable consequences doctrine occasioned by Senate Bill

---

[1] All statutory references are to the Penal code unless otherwise noted.

1

No. 1437 (Stats. 2018, ch. 1015, § 2), defendant filed a pro se petition under section 1170.95 seeking to vacate his second degree murder conviction.

The People did not file a written response to defendant's petition. On December 23, 2019, at the hearing on the matter, at which only the prosecution appeared, the prosecutor advised the trial court she had reviewed the abstract of judgment, the original trial brief, and the original parties' proposed instructions, and did not believe felony murder was involved. She noted that the jury made a true finding on the deadly weapon use allegation. She asked the trial court to summarily deny the petition.

The trial court indicated it had reviewed the petition, the sentencing transcript, and the underlying appellate opinion. Based on that review, it appeared there was no felony-murder theory, no codefendant, and there was a true finding on the weapon use allegation. Based on the petition, the court declined to appoint counsel, and denied the petition "without prejudice to [defendant] providing further information that would put him within the ambit of the statute."

Defendant timely filed a notice of appeal.

## Discussion

Senate Bill No. 1437 "eliminated natural and probable consequences liability for murder as it applies to aiding and abetting, and limited the scope of the felony murder rule. [Citations.] Senate Bill 1437 also added section 1170.95 to the Penal Code, which creates a procedure for convicted murderers who could not be convicted under the law as amended to retroactively seek relief." (*People v. Lewis* (2021) 11 Cal.5th 952, 957, fn. omitted (*Lewis*).)

Pursuant to section 1170.95, an offender must file a petition in the sentencing court averring that: "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under

2

a theory of felony murder or murder under the natural and probable consequences doctrine[;] [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder[; and] [¶] (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subds. (a)(1)–(3); see also § *id.,* subd. (b)(1)(A).) Additionally, the petition shall state "[w]hether the petitioner requests the appointment of counsel." (§ *id.,* subd. (b)(1)(C).) If a petition fails to comply with subdivision (b)(1), "the court may deny the petition without prejudice to the filing of another petition . . . ." (§ *id.,* subd. (b)(2).) Where the petition complies with subdivision (b)'s requirements, then the court proceeds to subdivision (c) to assess whether the petitioner has made "a prima facie showing" for relief. (§ *id.,* subd. (c).)

In *Lewis*, *supra,* 11 Cal.5th at page 957, the court held that "the statutory language and legislative intent of section 1170.95 make clear that petitioners are entitled to the appointment of counsel upon the filing of a facially sufficient petition (see § 1170.95, subds. (b), (c)) and that only *after* the appointment of counsel and the opportunity for briefing may the superior court consider the record of conviction to determine whether 'the petitioner makes a prima facie showing that he or she is entitled to relief.' " The court also held that "the deprivation of a defendant's right to counsel under subdivision (c) of section 1170.95 was state law error only, tested for prejudice under *People v. Watson* (1956) 46 Cal.2d 818." (*Lewis, supra,* at pp. 957–958.)

Defendant contends the court erred in denying his petition without appointing counsel for him and permitting the parties to submit briefing

3

under 1170.95, subdivision (c). The Attorney General argues that summary denial was proper because defendant's petition was not facially sufficient and, alternatively, that any error in failing to appoint counsel was harmless.

As the Attorney General explains, and defendant concedes, defendant failed to check boxes 1 and 2 on the petition declaring under penalty of perjury that he was convicted of second degree murder under the natural and probable consequences doctrine or felony-murder theory and that a charging document was filed against him that allowed the prosecution to proceed under one or both theories. Defendant suggests that his petition is sufficient because the averment in box 3, that he could not be convicted of first or second degree murder because of changes to section 188 or 189 is the gravamen of the resentencing provisions and effectively incorporates the allegations of the unchecked boxes. The suggestion disregards the statutory language and is not persuasive. (See § 1170.95, subd. (b)(2) ["If any of the information required by this subdivision is missing from the petition and cannot be readily ascertained by the court, the court may deny the petition without prejudice to the filing of another petition and advise the petitioner that the matter cannot be considered without the missing information."]; *People v. Soto* (2020) 51 Cal.App.5th 1043, 1054 [" 'Under subdivision (b)(2), a trial court may deny a petition without prejudice if the petition lacks any of the information required by subdivision (b)(1).' "], quoting *People v. Drayton* (2020) 47 Cal.App.5th 965, 974, reversed on other grounds in *Lewis, supra*, 11 Cal.5th at p. 963.) As the court noted in *Lewis, supra,* at page 968, "the requirement that a petition include '[a] declaration by the petitioner that he or she is eligible for relief under this section, based on *all* the requirements of subdivision (a)' [citation] should discourage frivolous petitions." We note that the form petition submitted by defendant expressly states, "*Note: Box 1, Box*

4

*2a or 2b, and Box 3 must all apply in order to be resentenced under Penal Coe § 1170.95.”*

Although the trial court did not rely on these pleading deficiencies to summarily deny defendant's petition, the dismissal may be upheld on this basis. (*People v. Zamudio* (2008) 43 Cal.4th 327, 351, fn. 11 [This court " 'review[s] the ruling, not the court's reasoning and, if the ruling was correct on any ground, [the court must] affirm.' "].)[2] In any event, the record makes clear that the failure to appoint counsel and permit briefing was harmless.

In *Lewis, supra,* 11 Cal.5th at pages 971–972, the court held that the trial court may consider the record of conviction, including any prior appellate decisions, in assessing whether a petitioner has made a prima facie case for relief under subdivision (c). (See also *Lewis, supra,* at p. 971, quoting *People v. Drayton*, *supra*, 47 Cal.App.5th at p. 979 ["[I]f the record, including the court's own documents, 'contain[s] facts refuting the allegations made in the petition,' then 'the court is justified in making a credibility determination adverse to the petitioner.' "].) Here, the information charged defendant with a single count of murder and alleged further that he "personally used a deadly and dangerous weapon, to wit: an Exercise Bar" in the commission of the

---

[2] Defendant argues that the trial court waived any defects in the petition by addressing whether the petition stated a prima facie case. The hearing in this matter was conducted well before *Lewis, supra,* 11 Cal.5th 952 clarified the procedure for ruling on a section 1170.95 petition. At the time the court ruled, it was accepted that a court could, prior to appointing counsel "examine readily ascertainable information in the record of conviction and deny the petition if that threshold review 'establishes the petitioner is ineligible for relief as a matter of law because he or she was convicted on a ground that remains valid notwithstanding Senate Bill [No.] 1437's amendments to sections 188 and 189.' " (*People v. Nunez* (2020) 57 Cal.App.5th 78, 89, review granted Jan. 13, 2021, S265918.) Although this procedure is no longer proper under *Lewis, supra,* we decline to find a waiver under these circumstances.

murder. No codefendant is named in the information. As noted, the jury found defendant guilty of second degree murder and found the weapons enhancement true. This court's prior opinion describes the factual circumstances of the crime as follows: "The victim . . . came to her death as a result of a vicious beating with a heavy metal bar."  Neither the felony-murder rule nor the natural and probable consequences doctrine were at issue in defendant's trial. Rather, the trial involved the "issue of identity; i.e., whether Brown or another was the culprit" and "the issue of Brown's mental state, i.e., intent to kill, malice, and premeditation."  Accordingly, defendant cannot establish his eligibility for relief under section 1170.95 as a matter of law and any failure to appoint counsel was harmless. (See *Lewis, supra,* 11 Cal.5th at p. 974 ["[A] petitioner 'whose petition is denied before an order to show cause issues has the burden of showing "it is reasonably probable that if [he or she] had been afforded assistance of counsel his [or her] petition would not have been summarily denied without an evidentiary hearing." ' "].)

### Disposition

The order denying the petition is affirmed.


POLLAK, P. J.

WE CONCUR:

STREETER, J.
BROWN, J.

6